UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LESLIE WASHINGTON,

    Plaintiff,

v.

JOHN DOE, Chief, Brownstown Police Dep't; JOHN DOE, Officers, Brownstown Police Dep't; ROBERT FICCANO, Chief Commander, Wayne County Jail; LANGA, Lieutenant, Wayne County Jail; MRS. A. DANIELKEVICH, Compliance Officer, Wayne County Jail; MRS. PARKS, Hearing Officer, Wayne County Jail; MRS. MILES, Social Worker, Wayne County Jail; BURKS, Sergeant; DARWISH, Sergeant, Wayne County Jail; HOPKINS, Wayne County Jail; JOHNSON, Sergeant, Wayne County Jail; O'CONNOR, Sergeant, Wayne County Jail; PRUITT, Sergeant, Wayne County Jail; STINGLEY, Sergeant, Wayne County Jail; MRS. BURKS, Correctional Officer, Wayne County Jail; MRS. CHUBBS, Correctional Officer, Wayne County Jail; MRS. COLEMAN, Correctional, Wayne County Jail; MRS. DICKENS, Correctional Officer, Wayne County Jail; MRS. FIELDS, Correctional Officer, Wayne County Jail; MRS. FORESIGHT, Correctional Officer, Wayne County Jail; MRS. FULLER, Correctional Officer, Wayne County Jail; MRS. HARDWICK, Correctional Officer, Wayne County Jail; MRS. JOHNSON, Correctional Officer, Wayne County Jail; MRS. JONES, Correctional Officer, Wayne County Jail; MRS. KENDALL, Correctional Officer, Wayne County Jail; MRS. KINDRO, Correctional Officer, Wayne County Jail; MRS. MEARS, Correctional Officer, Wayne County Jail; MRS. MORROW, Correctional Officer, Wayne County Jail; MRS. O'BANNON, Correctional Officer, Wayne County Jail;

CASE NO. 04-CV-10352

DISTRICT JUDGE DAVID LAWSON
MAGISTRATE JUDGE CHARLES E. BINDER

MRS. RIDAUX, Correctional Officer, Wayne
County Jail; ROBERT GRUBBS, Director of
the United States Marshals; JOHN DOE,
Officers, United States Marshal; DAVID
SHEPARDSON, Editor, Detroit Press Newspaper;
JOHN DOE, Director, Detroit, Press Newspaper;
TERRY BOOTH, Director; JOHN DOE,
Investigators; MR. LEMISCH, Assistant
United States Attorney; JENNI VAN BUREN,
Warden, KIRK DERRICK, Unit Manager;
MRS. STEWART, Counselor; JANE DOE,
Director; MRS. S. BAGNE, R & D Officer;
MR. GOOLSBY, Officer; MR. TRUSKOWSKI,
Officer; MR. R. TREMBLAY, Officer;
MR. GENZEL, Officer; MR. MICHOWSKI,
Officer, MICHAEL J. ZACHARY, Lieutenant;
HARVEY LAPPIN, Director,

      Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

### I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte*
**DISMISSED IN PART** for failure to state a claim upon which relief may be granted.

### II.   REPORT

#### A.   Introduction

Plaintiff Leslie Washington is a federal prisoner who is currently incarcerated at the Federal Medical Center in Lexington, Kentucky. In December 2004, Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The complaint states that the events giving rise to her cause of action occurred at the Wayne County Jail in Detroit, Michigan. (Compl. ¶ 2.) The 14-count

126-paragraph complaint names 49 defendants and alleges numerous horrific events which Plaintiff claims were part of the defendants' conspiracy to have her "accidentally eliminated or murdered." (Compl., Dkt. 7 ¶ 48.)

On February 24, 2005, United States District Judge David M. Lawson referred all pretrial matters to the undersigned magistrate judge. (Dkt. 5.) On February 28, 2005, Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(a)(1). After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), a Report and Recommendation (R&R) was filed on March 24, 2005, suggesting that the case be dismissed pursuant to 42 U.S.C. § 1997e(a) because Plaintiff had failed to satisfy her burden of demonstrating exhaustion of administrative remedies at the time of filing a prisoner civil rights complaint. (Dkt. 8.)

On April 18, 2005, in an apparent attempt to cure the fatal defect of the complaint as brought to light by the R&R, Plaintiff submitted documents that were docketed as an "amended complaint," but which consisted of 104 pages of grievance documentation and supplemental paragraphs to be inserted into the original complaint alleging exhaustion of administrative remedies. Plaintiff then filed objections to the R&R on May 9, 2005. (Dkt. 20.)

On January 22, 2007, the United States Supreme Court decided the case of *Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), which significantly altered the procedure in this circuit for handling prisoner civil rights cases with respect to the exhaustion of administrative remedies.

On February 5, 2007, the R&R was rejected and the case was returned to the undersigned for reconsideration in light of the new rules laid down by the Supreme Court. (Dkt. 28.) Having

reconsidered the previous recommendation, I conclude that the case is again ready for Report and Recommendation.

**B.** *Jones v. Bock*

As stated in the first R&R, the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust the administrative remedies available to him or her before bringing a claim under Section 1983. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). In *Jones*, *supra*, the Court struck down the Sixth Circuit's procedural rule placing the burden on prisoners to plead and prove exhaustion in their complaint, holding instead that failure to exhaust is an affirmative defense. *Jones*, 127 S. Ct. at 921. The Court's ruling did not, however, alter the screening procedure. In fact, the Court began its opinion by confirming that the PLRA "mandates early judicial screening of prisoner complaints . . . ." *Id*. at 911. The timing of screening was also discussed, with the Court noting that the statute requires courts to screen inmate complaints "before docketing, if feasible, or . . . as soon as practicable after docketing," and to dismiss the complaint if it is "frivolous, malicious, . . . fails to state a claim upon which relief may be granted[,] or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a), (b).

The *Jones* Court also pointed out that its ruling did not mean that prisoner complaints will never be subject to *sua sponte* dismissal:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. **If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim**; that does not make the statute of limitations any less an affirmative defense, *see* FED. RULE CIV. PROC. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract. *See Leveto v. Lapina*, 258 F.3d 156, 161 (C.A.3 2001) ("[A] complaint

4

> may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face" (internal quotation marks omitted)). *See also Lopez-Gonzalez v. Municipality of Comerio*, 404 F.3d 548, 551 (C.A.1 2005) (dismissing a complaint barred by the statute of limitations under Rule 12(b)(6)); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74-75 (C.A.2 1998) (dismissing a complaint barred by official immunity under Rule 12(b)(6)). *See also* 5B C. Wright & A. Miller, Federal Practice and Procedure § 1357, pp. 708-710, 721-729 (3d ed. 2004).

*Jones*, 127 S. Ct. at 920-21 (emphasis added).

### C. Statute of Limitations

The statute of limitations for civil rights actions under 42 U.S.C. § 1983 is defined by state law. *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. MICH. COMP. LAWS § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986). Although statutes of limitations are governed by state law, the question of when civil rights claims accrue remains one of federal law. *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995). A cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

### D. Discussion

In this case, the complaint was filed on February 28, 2005. It was signed and dated, however, on November 29, 2004. (Dkt. 7 at 41.) Pursuant to the prison mailbox rule, the Court assumes that Plaintiff delivered her signed papers to the authorities for mailing on the date she signed them and therefore November 29, 2004, is deemed the date of filing for purposes of statute of limitations calculations. *See Houston v. Lack*, 487 U.S. 266, 270-72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (establishing the mailbox rule); *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (holding that mailbox rule of *Houston v. Lack* applies to all civil complaints filed by *pro se* litigants incarcerated at the time of filing). Thus, going back three years from the date of filing,

the cut-off date for the accrual of Plaintiff's claims is November 29, 2001. The civil rights violations alleged in paragraphs 44 through 70 of the chronologically-organized complaint all occurred prior to that date, and were certainly known by Plaintiff when they happened, and therefore I suggest that they are barred by the statute of limitations and subject to *sua sponte* dismissal because the affirmative defense appears on the face of the pleading and suffices to establish the existence of the defense. *See Jones*, 127 S. Ct. at 920-21.

Starting with paragraph 71 of the complaint, Plaintiff alleges the following claims against the following individual defendants, all of which allegedly occurred after November 29, 2001: Defendant Sergeant Johnson purposely placed an inmate who was an enemy of Plaintiff in her cell (¶ 71); Defendant Deputy Chubbs kept her locked down and refused her showers, clean bed linens a change of clothes, or any time out of her cell (¶ 73); Defendant Chubbs watched while another inmate attacked Plaintiff and then refused to allow Plaintiff to make a report or get medical care (¶ 74); Defendant Officers Mears, Burks, Chubbs, Kindro, and Johnson would slide her food under her cell door which had dried blood, feces, and roaches on it which contaminated her food (¶ 76); Defendant Mears flicked the lights in Plaintiff's cell on and off hundreds of time and blasted loud music in her cell (¶ 77); on one of the coldest days of the year, Defendant Mears gave Plaintiff only a garbage bag to keep warm with, telling her untruthfully that they were out of bed linens and blankets (¶ 79); Defendant Coleman threatened her (¶ 80); Defendants Kindro and Johnson threw away her mail (¶ 81); Defendant Coleman forced her to sleep on the ground in bugs and filth (¶ 82); Defendant Kindro placed a dangerous inmate in Plaintiff's cell despite the fact that the inmate stated she wanted to kill Plaintiff and the inmate attacked and severely injured Plaintiff (¶ 84); Defendant David Shepardson, editor of the "Detroit Press," published an article about Plaintiff that slandered and defamed her character (¶ 86); Defendant FBI Agent Terry Booth falsified evidence

used against Plaintiff at trial and slandered Plaintiff in court (¶ 87); Defendant Lemish, a federal prosecutor, used evidence he knew to be false against Plaintiff and slandered her in court (¶ 88); Defendant Warden Van Buren retaliated against her for filing grievances (¶ 89); Defendant Jane Doe (director of R&D at FCI Danbury and Defendant Bagne ("R & D Property Officer"), discarded Plaintiff's property and wasted Plaintiff's money by refusing to allow Plaintiff to transfer all of her property (¶ 95).

Accordingly, pursuant to the screening mandated by federal law, I suggest that all claims other than those listed in the preceding paragraph be *sua sponte* dismissed and that the complaint be served only on Defendants Johnson, Chubbs, Mears, Burks, Kindro, Coleman, Shepardson, Booth, Lemish, Van Buren, Bagne, and Jane Doe.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

|  | s/ *Charles E Binder* |
|---|---|
|  | CHARLES E. BINDER |
| Dated: May 29, 2007 | United States Magistrate Judge |

## **CERTIFICATION**

    I hereby certify that this Report and Recommendation was electronically filed this date, served on Leslie Washington by first class mail, and served on District Judge Lawson in the traditional manner.

| Date: May 29, 2007 | By    s/Jean L. Broucek |
|---|---|
|  | Case Manager to Magistrate Judge Binder |