# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

LESLIE WASHINGTON,

     Plaintiff,

vs.

CHIEF JOHN DOE,
Brownstown Police Dept., *et al*,

     Defendants.

_____/

CASE NO: 04-10352

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES E. BINDER

## ORDER ON MOTION REQUESTING LEAVE OF COURT TO AMEND
## COMPLAINT AND ADD SEVERAL IMPORTANT DEFENDANTS AND INFORMATION

This order is entered under the authority given to this Magistrate
Judge by an Order of Reference issued by District Judge Lawson
pursuant to 28 U.S.C. § 636(b)(1)(A).

The *pro se* Plaintiff filed the instant motion on August 20, 2007. (Dkt. 46). In this

motion, as in others, Plaintiff recites her history of incarceration, and her desire to "rectify as

many of the atrocities which took place during my incarceration . . . " (*Id.* at 1.) Plaintiff's

request appears to state either a request to supplement or to amend pleadings under FED. R.

CIV. P. 15(d) or (a), respectively:

> Your Court is extremely busy, and I do not want to submit another
> separate claim with defendants who are for the most part all
> Bureau of Prisons employee's, and apart [sic] of the acts which
> disparaged me in an unbelievable manner. My ultimate goal is to
> get the Director of the Bureau of Prisons to meet with me, and
> rectify as many of the atrocities which took place during my
> incarceration, and to only seek restitution for those acts which
> cannot be remedied in any other fashion. I truly believe if you
> read some of the remedies, and acts which took place against me,
> you would understand my need for closure to these matters. I
> have waited for many years to receive the opportunity to express
> my plight. I do not want to continue filing claims, or burdening the
> Court. There are only a few more defendants, and pieces of
> information missing to prove my claims...I would be grateful if your
> Court would even allow me to submit the defendants who I was
> unable to, because I was made to wait for a long period of time for
> the completed remedies and responses to be exhausted; even
> though the B.O.P. did not rectify any of my issues, and/or

> concerns....Otherwise, I will have to pay, and start a new claim,
> wait years to discuss relevant issues with the remaining
> defendants...I honestly would benefit from resolving these issues,
> and it would save money & time....I only have a few defendants to
> add to my claim.

(*Id.* at 1-2.)  The difficulty in interpreting the motion is exacerbated by the Plaintiff's failure to provide specifics of the "acts" she wishes to add to her pending lawsuit or the identity of the individuals she wishes to add as defendants.  The Court notes that Plaintiff has previously filed an amended, or rather "supplemental" complaint, in this matter addressing exhaustion issues.  (Dkt. 18.)

If the claims against the defendants sought to be added do not arise out of the same transaction, occurrence, or series of transactions or occurrences, joinder of the Defendants would violate FED. R. CIV. P. 20(a)(2).  Therefore, Plaintiff is warned that if the events and Defendants sought to be added are not related to the claims stated in her amended complaint, any motion to amend or supplement will not be granted.

The next question unanswered by Plaintiff's current motion and necessary to a determination whether Plaintiff seeks to amend or supplement her complaint is the timing of the events referenced.   Amended pleadings relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading; whereas, supplemental pleadings deal with events subsequent to the pleading to be altered and merely represent additions to or continuations of the earlier pleadings. 6A WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 1504 (2d ed. 1990).

Generally, the "filing of an action fixes the controversy" such that events occurring after the filing of the action cannot be relied upon in the litigation absent permission to file a supplemental pleading under FED. R. CIV. P. 15(d). *Rodgers v. Hawley*, 14 Fed. Appx. 403, 408 (6th Cir. June 22, 2001).  If the events plaintiff refers to occurred subsequent to the filing of the amended complaint and are "transactions related in time, space, origin, or motivation,"

they would be subject to claim preclusion in any subsequent action under Michigan or federal law. *Dubuc v. Green Oak Twp.*, 117 F. Supp. 2d 610, 625 (E.D. Mich. 2000), *citing Isaac v. Schwartz*, 706 F.2d 15, 17 (1st Cir. 1983). Therefore, they should be brought in this original action, if at all, because to "allow Plaintiff to file a new suit for each episode in the saga would defeat the core policy underlying the doctrine of claim preclusion, which is to conserve judicial resources and avoid duplicative litigation." *Dubuc*, 117 F. Supp. 2d at 625 (holding subsequent action barred where plaintiff should have sought leave to add acts showing the same retaliatory animus alleged in the original suit).

However, if the events Plaintiff refers to are matters that occurred **prior to** the filing of the original pleading, she should seek permission to file an amended complaint that would replace the first amended complaint under FED. R. CIV. P. 15(a).[1] Under the Local Rules, "[a] party who moves to amend a pleading shall attach the proposed amended pleading to that motion . . . must, except by leave of the court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." E. D. Mich LR 15.1.

The Plaintiff has submitted hundreds of pages by way of exhibits, the majority of which are not organized in any fashion. There are photographs, reports, correspondence, and grievance documentation. On several occasions Plaintiff has stated that she is submitting every document she has so the Court can choose what it finds pertinent to her claims. Although the Court more liberally construes pleadings filed by *pro se* litigants than those filed by attorneys, *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), courts may not construct the plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). For the Court to identify specific documents which support various claims would amount to rendering legal assistance to a litigant, an action in which the Court is forbidden to engage.

---

[1]Although an amended complaint may be filed without leave of the court before a responsive pleading is filed or within 20 days after service if the pleading is one to which no responsive pleading is permitted and the action is not yet on the court calendar, neither of these situations are presented here. FED. R. CIV. P. 15(a).

Rather, it is the responsibility of a litigant to point the Court to those documents relevant to their claim. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (holding that allowing the court to construct the foundations of legal arguments would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.")

Therefore, Plaintiff is **HEREBY NOTIFIED** that she must specifically identify allegations of wrongdoing, paying particular attention to details such as what portion of the action is alleged to be improper, who performed each specifically alleged act, and the dates on which these events occurred. Plaintiff must also identify the evidence in support of those allegations by particular exhibit number or letter, and attach only that evidence which is identified by corresponding exhibit number or letter in future pleadings. **Failure to do so will render the pleadings not in compliance with the applicable procedural rules, and the Court will not consider any such documents.** In addition, those documents will be **stricken** from the record and returned to the Plaintiff.

Since Plaintiff has not identified whether the events sought to be added are events occurring before the filing of this litigation or after, the Court is unable to determine whether she requests leave to file an amended or a supplemental complaint. Accordingly, Plaintiff's motion will be **DENIED without prejudice** to her filing a future motion to amend or supplement the amended complaint. Should Plaintiff decide to file a motion to add defendants or claims, **Plaintiff is expressly notified** that she must indicate, with specificity, whether the events occurred before the filing of the amended complaint or after the filing of the amended complaint in this matter. If the events occurred before the filing of the amended complaint, Plaintiff's motion would be one to amend her amended complaint and Plaintiff must comply with FED. R. CIV. P. 15(a) and Local Rule 15.1 cited above and must attach the proposed amended pleading to her motion. If the events occurred after the filing of the

amended complaint, then Plaintiff's motion would be one to supplement her amended

complaint and Plaintiff must comply with FED. R. CIV. P. 15(d).

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D.

Mich. LR 72.1(d).


s/ Charles E Binder

CHARLES E. BINDER
United States Magistrate Judge

Dated: February 21, 2008


**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on James Surowiec, Laurie Michelson and Peter Caplan, and served on Leslie Washington by first class mail.

Date:  February 21, 2008                    By____s/Jean L. Broucek_____
                                            Case Manager to Magistrate Judge Binder