UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LESLIE C. WASHINGTON,

        Plaintiff,

v.

BROWNSTOWN POLICE DEPARTMENT
CHIEF JOHN DOE, BROWNSTOWN POLICE
OFFICERS JOHN DOE, CHIEF COMMANDER
ROBERT FICANNO, LIEUTENANT LANGA,
MRS. A. DANIELKEVICH, MRS. PARKS,
MRS. MILES,SERGEANT BURKS, SERGEANT
DARWISH, SERGEANT HOPKINS, SERGEANT
JOHNSON,SERGEANT O'CONNOR, SERGEANT
PRUITT,SERGEANT STINGLE, MRS. BURKS, MRS.
CHUBBS, MRS. COLEMEN, MRS. DICKENS,
MRS. FIELDS, MRS. FORESIGHT, MRS. FULLER,
MRS. HARDWICK, MRS. JOHNSON, MRS. JONES,
MRS. KENDALL, MRS. KINDRO, MRS. MEARS,
MRS. MORROW, MRS. O'BANNON, MRS. RIDAUX,
MARSHAL ROBERT GRUBBS, UNITED STATES
MARSHALS JOHN DOE, DAVID SHEPARDSON,
JOHN DOE DIRECTOR DETROIT PRESS NEWSPAPER,
TERRY BOOTH, JOHN DOE INVESTIGATORS
FEDERAL BUREAU OF INVESTIGATIONS, MR.
LEMISCH ASSISTANT UNITED STATES ATTORNEY,
WARDEN JENNIE VAN BUREN, KIRK DERRICK,
MRS. STEWART, DIRECTOR OF PROPERTY
DEPARTMENT F.C.I. DANBURY, and MRS. S. BARRONE
f/k/a S. Bagne,

        Defendants.
_____/

Case Number 04-10352
Honorable David M. Lawson
Magistrate Judge Charles E. Binder

## ORDER OVERRULING OBJECTION, ADOPTING REPORT AND RECOMMENDATION, AND DENYING MOTION FOR DEFAULT JUDGMENT

    This matter is before the Court on the plaintiff's objection to Magistrate Judge Binder's

report recommending denial of the plaintiff's motion for default judgment. The plaintiff moved for

default judgment against defendant S. Barrone on the grounds that she had failed to answer the complaint or otherwise respond within the applicable time limit. The magistrate judge suggested that default judgment was inappropriate because, although the summons and complaint were given to the United States Marshals Service for delivery, there was no documentation showing that Barrone was served. The Court agrees with the magistrate judge's conclusion and finds that the plaintiff's objection is unavailing.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

The objection lodged by the plaintiff likely is not cognizable under these standards. It is clear that the plaintiff disagrees with the magistrate judge's conclusion (although, at the same time, she appears to concede that service was unaffected), but no *specific* objection can be divined from this position. However, in light of the plaintiff's *pro se* status, the Court will give the plaintiff the benefit of the doubt and review the issue *de novo*.

The record in this case supports the magistrate judge's determination. When the plaintiff filed her original complaint on February 28, 2005, she named "S. Bagne" of F.C.I. Danbury as one of the defendants. She filed an amended complaint on April 18, 2005 and again referred to this individual as Bagne. As it turns out, the plaintiff had the wrong name; the individual she sought to sue was S. Barrone, not S. Bagne. The plaintiff's pleadings were given to the United States Marshals for attempted service on "S. Bagne," but, unsurprisingly, the attempt failed. On August 27, 2007, the Bureau of Prisons filed a notice in this Court stating that no one by the name of Bagne worked at F.C.I. Danbury, and therefore the pleadings were returned to the Marshals Service. The plaintiff then informed the Court via a motion to amend that she had misidentified the defendant. On September 11, 2007, the magistrate judge granted the plaintiff's motion to amend, and the Clerk's Office dropped S. Bagne as a defendant and added S. Barrone. However, for reasons unclear from the record, Barrone was not served with the summons and complaint until March 2008. Barrone was granted an extension of time to answer the complaint; her answer is presently due on or before May 29, 2008. In the meantime, the plaintiff filed the present motion for default judgment on November 6, 2007.

Proper service is a prerequisite to personal jurisdiction, and therefore default judgment is inappropriate in the absence of service. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991); *accord Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993). Because the defendant in this case was not properly served when the plaintiff moved for default judgment, the magistrate judge was correct in recommending denial.

Accordingly, it is **ORDERED** that the plaintiff's objection is **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion for default judgment [dkt # 77] is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: May 12, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 12, 2008.

s/Felicia M. Moses<br>
FELICIA M. MOSES