UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE C. WASHINGTON,

        Plaintiff,

v.

        Case Number 04-10352
        Honorable David M. Lawson
        Magistrate Judge Charles E. Binder

CHIEF JOHN DOE, BROWNSTOWN POLICE
OFFICERS JOHN DOE, SERGEANT JOHNSON,
MRS. CHUBBS, MRS. COLEMEN, MRS. JOHNSON,
MRS. KINDRO, MRS. MEARS, MARSHALS
JOHN DOE, DAVID SHEPARDSON, JOHN DOE
DIRECTOR DETROIT FREE PRESS NEWSPAPER,
TERRY BOOTH, JOHN DOE INVESTIGATORS,
WARDEN JENNIE VAN BUREN, JANE DOE
DIRECTOR, MRS. S. BARRONE, and UNITED
STATES OF AMERICA,

        Defendants.
_____/

**ORDER ADOPTING IN PART MAGISTRATE JUDGE REPORT AND
RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTION, GRANTING
MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT BY DEFENDANTS
SHEPARDSON, LEMISCH, BOOTH AND VAN BUREN, DISMISSING
COMPLAINT AS TO THOSE DEFENDANTS, AND DENYING MOTIONS TO
DISMISS BY DEFENDANTS CHUBBS, COLEMAN, JOHNSON, KINDRO, AND
MEARS**

       This matter is before the Court on a report and recommendation filed by Magistrate Judge Charles E. Binder adjudicating several motions to dismiss or for summary judgment. The plaintiff, who presently is a federal prisoner, filed a lengthy complaint seeking redress for the treatment she allegedly received while in the custody of the Wayne County Sheriff during pretrial proceedings in this Court on an unrelated criminal matter and later at the hands of the Bureau of Prisons. The case was referred to Judge Binder to conduct all pretrial proceedings. After initial screening, several defendants were dismissed, and the Court ordered the remaining defendants to be served. One of

the defendants, Daniel Lemisch, is an assistant United States attorney. The claims against him result from conduct performed within the scope of his duties, so the United States was substituted as a defendant pursuant to 28 U.S.C. § 2679, although Mr. Lemisch remains in the caption.

Thereafter, the United States and defendant Lemisch moved to dismiss on the grounds of absolute (prosecutorial) and sovereign immunity, and because the plaintiff failed to exhaust administrative remedies required by the Federal Tort Claims Act. Defendants Booth and Van Buren moved for dismissal on similar grounds, plus qualified immunity, with Van Buren also making a personal jurisdiction argument as well. Defendant Shepardson moved for dismissal on the ground that the defamation claim was filed beyond the one-year statute of limitations that applies to such claims. Defendants Chubb, Mears, Kindrow, Coleman, and Sergeant Johnson (the Wayne County defendants) moved for dismissal contending that the complaint was not served on them within 120 days.

On March 19, 2008, Judge Binder filed a report recommending that the Wayne County defendants' motions to dismiss be denied and the rest of the motions be granted. He concluded that service on the Wayne County defendants was proper; the federal defendants are immune from suit to the extent that they are sued in their official capacities; the complaint should be dismissed against defendant Lemisch because the plaintiff failed to follow the pre-suit procedures set out in the Federal Tort Claims Act, 28 U.S.C. § 2675(a); Lemisch also was entitled to absolute prosecutorial immunity; Lemisch and Booth are entitled to qualified immunity; and since the claims against Lemisch and Booth challenged the validity of the plaintiff's federal conviction, the present action for violating her civil rights is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Judge Binder also found that the claims against Shepardson, Lemisch, and Booth are barred by the statute of

limitations, which the magistrate judge found to be one year, reasoning that the statute of limitations for civil rights actions under 42 U.S.C. § 1983 is borrowed from analogous state law, and Michigan's statute of limitations for defamation and slander cases is one year, Mich. Comp. Laws § 600.5805(9). Finally, with respect to defendant Van Buren, Judge Binder concluded that the plaintiff failed to exhaust her administrative remedies available to her within the Bureau of Prisons (*see* 28 C.F.R. § 542.13-15); the complaint fails to state a claim for relief against Van Buren because the plaintiff did not allege conduct that amounted to retaliation according to the elements of such a claim set forth in *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999) (en banc); and Van Buren is entitled to qualified immunity.

The only objection received within the prescribed period was from the plaintiff, who contested the conclusion that she failed to exhaust her administrative remedies against defendant Van Buren. The plaintiff argues that due to sudden transfers of her places of confinement within the Bureau of Prisons, she was unable to comply with the exhaustion regulations. Van Buren has filed a response in opposition to the plaintiff's objections.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

The plaintiff did not challenge the recommendation to grant the motions to dismiss as to defendants United States, Lemisch, Booth, and Shepardson. Nor did the Wayne County defendants file objections to the report. Therefore, the Court may adopt the report and recommendation as to those motions. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (holding that the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

However, the Court will not adopt the part of the report that concludes that the statute of limitations for the section 1983 claim grounded in the alleged defamatory statements is one year. The statute of limitations for claims filed in Michigan based on 42 U.S.C. § 1983 is three years. In *McCune v. City of Grand Rapids*, 842 F.2d 903 (6th Cir. 1988), the court of appeals explained that "the appropriate statute of limitations to be applied in all section 1983 actions is the state statute of limitations governing actions for personal injury. . . . Michigan's three year statute of limitations for personal injury claims, Mich. Comp. Laws Ann. § 600.5805(8) (West 1987), governs section 1983 actions when the cause of action arises in Michigan." *Id.* at 905. For section 1983 actions, the general statute of limitations applies regardless of the nature of the rights deprivation alleged, even if a shorter statute might be available for an analogous state law tort. *Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989). Therefore, the proper measure of the timeliness of the complaint (or lack of it) is the three-year general statute of limitations.

But this conclusion will not help the plaintiff. The events about which she complains apparently occurred on November 29, 2001, and the complaint was not filed until December 2004. Moreover, there are other problems with the plaintiff's claims against these defendants, as the magistrate judge explained. In addition, the section 1983 claim against defendant Shepardson, an

employee of a private enterprise, cannot be sustained because Shepardson is not a state actor. *See Wittstock v. Mark A. Van Sile, Inc.* 330 F.3d 899, 902 (6th Cir. 2003) (holding that a claim under 42 U.S.C. § 1983 requires proof of two elements: (1) a deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law).

The plaintiff's objections as to defendant Van Buren will not carry the day for a similar reason. Even if the Court were to accept the plaintiff's argument that she was prevented from exhausting her administrative remedies within the Bureau of Prisons, the magistrate judge recommended dismissal of the complaint on other grounds to which the plaintiff did not object. The plaintiff has not taken issue with Judge Binder's conclusions that the complaint fails to state a claim for relief against Van Buren and that Van Buren is entitled to qualified immunity. Those conclusions are accepted pursuant to *Thomas*, 474 U.S. at 149-50, and *Smith*, 829 F.2d at 1373.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #114] is **ADOPTED IN PART**.

It is further **ORDERED** that the plaintiff's objection [dkt #115] to the dismissal of defendant Van Buren is **OVERRULED**.

It is further **ORDERED** that the motions to dismiss or for summary judgment by defendants United States and Lemisch [dkt #53, 54], Booth [dkt #58, 62], Shepardson [dkt #52], and Van Buren [dkt #67] are **GRANTED**.

It is further **ORDERED** that the motion to dismiss filed by defendants Chubb, Mears, Kindrow, Coleman, and Sergeant Johnson [dkt #71] is **DENIED**.

It is further **ORDERED** that the matter is referred to Magistrate Judge Charles E. Binder under the previous reference order [dkt #5] to resolve pending motions and ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 636(c)(1).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 12, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 12, 2008.

s/Felicia M. Moses
FELICIA M. MOSES