**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

LESLIE WASHINGTON,

    Plaintiff,

v.

JOHN DOE, Chief, Brownstown Police
Dep't; JOHN DOE, Officers, Brownstown
Police Dep't; BURKS, Correctional Officer,
Wayne County; JOHNSON, Sergeant, Wayne
County Jail; MRS. CHUBBS, Correctional
Officer, Wayne County Jail; MRS. COLEMAN,
Correctional, Wayne County Jail; MRS. JOHNSON,
Correctional Officer, Wayne County Jail; MRS.
KINDRO, Correctional Officer, Wayne County Jail;
MRS. MEARS, Correctional Officer, Wayne
County Jail; JOHN DOE, Officers, United States Marshal;
JOHN DOE, Director, Detroit, Press Newspaper;
JOHN DOE, Investigators; JANE DOE, Director;
S. BARRONE, Mrs.,

    Defendants.

CASE NO. 04-CV-10352

DISTRICT JUDGE DAVID LAWSON
MAGISTRATE JUDGE CHARLES E. BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RECOMMENDING DISMISSAL OF JOHN AND JANE DOE DEFENDANTS**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that "John Doe, Director Detroit Press Newspaper" be **dismissed with prejudice** and that all the remaining John and Jane Doe Defendants be **dismissed without prejudice**.

**II.    REPORT**

Plaintiff Leslie Washington is a federal prisoner who is currently incarcerated at the Dublin Federal Correctional Institution in Dublin, California. In December 2004, Plaintiff filed this *pro*

*se* civil rights action pursuant to 42 U.S.C. § 1983. The complaint states that the events giving rise to her cause of action occurred at the Wayne County Jail in Detroit, Michigan. (Compl. ¶ 2.) The 14-count 126-paragraph complaint originally named 49 defendants and alleges a number of horrific events which Plaintiff claims were part of defendants' conspiracy to have her "accidentally eliminated or murdered." (Compl., Dkt. 7 ¶ 48.) On April 18, 2005, Plaintiff "supplemented" the Complaint beginning at paragraph 127. (Dkt. 18.) On February 24, 2005, United States District Judge David M. Lawson referred all pretrial matters to the undersigned magistrate judge. (Dkt. 5.) This case's lengthy procedural history need not be recited here. Suffice it to say, Plaintiff has taken an active role in prosecution of this case but nonetheless has failed to identify the John and Jane Doe Defendants listed above.

"In general, the use of unnamed defendants is not favored in the federal courts." *Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1093 (W.D. Mich. 2001). "An inmate who brings a civil rights complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the action by serving upon him a summons and copy of the complaint." *Reed-Bey v. Pramstaller*, No. 06-10934, 2007 WL 2421422, *2 (E.D. Mich. Aug. 23, 2007), *citing Feliciano v. DuBois*, 846 F. Supp. 1033, 1048 (D. Mass. 1994). Under FED. R. CIV. P. 4(m), defendants must be served within 120 days of filing the complaint. Here, Plaintiff has failed to do so in the several years that this case has been pending; thus, I suggest that the unnamed Defendants be dismissed without prejudice. *Mackall v. Doe*, No. 05-60083-AA, 2005 WL 1843449, *1 (E.D. Mich. July 29, 2005), *citing Awdish v. Pappas*, 159 F. Supp. 2d 672, 673, n. 1 (E.D. Mich. 2001), and *Johnson v. City of Ecorse*, 137 F. Supp. 2d 886, 892 (E.D. Mich. 2001). This Report will serve as notice to Plaintiff under Rule 4(m).

Complaints that fail to state a claim against particular John Doe defendants may be dismissed on substantive grounds with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). *Atkins v. Vadlamudi*, No. 07-10547, 2008 WL 1795023, *8 (E.D. Mich. Mar. 18, 2008). Here, as indicated in the Order Adopting the most recent Report in part, any defamation claim is barred by the three-year statute of limitations. (Dkt. 123 at 4.) Therefore, I suggest that "John Doe Director, Detroit Press Newspaper" should be dismissed with prejudice.

Accordingly, I recommend that "John Doe, Director Detroit Press Newspaper" be dismissed with prejudice and that all the remaining John and Jane Doe Defendants be dismissed without prejudice.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

           s/ Charles E Binder
           CHARLES E. BINDER
Dated: May 15, 2008            United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Peter A. Caplan, Laurie J. Michelson, and James M. Surowiec, and on Leslie Washington by first class mail, and served on U.S. District Judge Lawson in the traditional manner.


Date: May 15, 2008                By      s/Patricia T. Morris
                                                       Law Clerk to Magistrate Judge Binder