**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

LESLIE WASHINGTON,

    Plaintiff,

v.

BURKS, Correctional Officer,
Wayne County;[1] JOHNSON, Sergeant, Wayne
County Jail; MRS. CHUBBS, Correctional
Officer, Wayne County Jail; MRS. COLEMAN,
Correctional, Wayne County Jail; MRS. JOHNSON,
Correctional Officer,[2] Wayne County Jail; MRS.
KINDRO, Correctional Officer, Wayne County Jail;
MRS. MEARS, Correctional Officer, Wayne
County Jail; S. BARRONE, Mrs.,[3]

    Defendants.

_____/

CASE NO. 04-CV-10352

DISTRICT JUDGE DAVID LAWSON
MAGISTRATE JUDGE CHARLES E. BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT BARRONE'S MOTION TO DISMISS
(Dkt. 129)
## AND PLAINTIFF'S MOTION TO HOLD THE RESPONSE IN ABEYANCE
(Dkt. 134)

---

[1] Defendant Burks, Wayne County Officer, was erroneously omitted from the caption and terminated from the case. Although the previous Report and Recommendation ("R&R") recommended that the complaint be served on Mrs. Burks (Dkt. 32 at 7), the Order adopting the R&R in its entirety omitted Mrs. Burks (Dkt. 33), and the resulting Order to Correct Case Caption (Dkt. 55) mistakenly terminated her from the case. Since she was terminated due to a mere clerical error, she is included in the caption here.

[2] There has been some confusion because the earlier R&R suggested that Defendant Johnson be served, without specifying which one or both of the potential "Johnsons" should be served. (Dkt. 32.) The Order adopting that R&R specifically called for service to be made on both Sergeant Johnson and Deputy (Officer) Johnson. (Dkt. 33.) Accordingly, an Order on Motion Requesting Clarification was filed on November 28, 2007, directing the Marshals to serve process on Officer Johnson. (Dkt. 81.) Therefore, Officer Johnson remains a party to this suit.

[3] Mrs. Barrone was originally identified as Mrs. Bagne but her name was changed in the caption by an Order to Correctly Identify Defendant filed September 11, 2007. (Dkt. 55.)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion to dismiss be **GRANTED** and that the claims against Defendant Barrone be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion requesting to hold the Response, etc., in abeyance (Dkt. 134) be **DENIED AS MOOT**.

## II. REPORT

### A. Introduction & Procedural History

Plaintiff Leslie Washington is a federal prisoner who is currently incarcerated at the Federal Correctional Institution in Dublin, California. In December 2004, Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The complaint states that the events giving rise to her cause of action occurred at the Wayne County Jail in Detroit, Michigan. (Compl. ¶ 2.) The 14-count 126-paragraph complaint originally named 49 defendants and alleges a number of horrific events which Plaintiff claims were part of Defendants' conspiracy to have her "accidentally eliminated or murdered." (Compl., Dkt. 7 ¶ 48.) On April 18, 2005, Plaintiff "supplemented" the Complaint beginning at paragraph 127. (Dkt. 18.)

On February 24, 2005, United States District Judge David M. Lawson referred all pretrial matters to the undersigned magistrate judge. (Dkt. 5.) This case has a lengthy procedural history which need not be recited again here. Suffice it to say that several previous Reports and Recommendations have been issued and Orders have been entered resulting in the dismissal of various defendants. (Dkts. 32, 33, 35, 114, 123, 125, 133.) The above caption accurately recites the remaining Defendants in this case.

Plaintiff's allegations against Defendant Barrone are in her role as "R & D Property Officer" when she discarded Plaintiff's property and wasted Plaintiff's money by refusing to allow Plaintiff to take all of her property with her upon transfer to another facility. (Dkt. 7 ¶¶ 95, 126; Dkt. 18 ¶ 134.)

Defendant filed the instant motion to dismiss (Dkt. 129), Plaintiff responded (Dkt. 135), and Defendant replied (Dkt. 138). Plaintiff also filed a motion "requesting to hold the response to the defendant, Sheryl Barrone's, motion to dismiss, and any related decisions to this defendant in this civil case in abeyance, pending the response & outcomes to my administrative remedy regarding the refusal of the B.O.P. to afford access to inmates in transit to the administrative remedies process." (Dkt. 134.) As noted earlier, Plaintiff did respond to the motion to dismiss, and based on the recommendation below, this motion should therefore also be denied.

Upon review of the documents, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), these motions are ready for Report and Recommendation without oral argument.

**B.     Motion Standards**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a case where the complaint fails to state a claim upon which relief can be granted. To determine whether a complaint fails to state a claim and is therefore subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must view the complaint in a light most favorable to the plaintiff, accepting as true all well-pled factual allegations. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (citing *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993)). The court need not accept as true legal conclusions or unwarranted factual inferences contained in the pleadings. *Id*. (citing *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). To survive the motion, "the complaint must contain direct or inferential

allegations respecting all the material elements under some viable legal theory." *Id*. (citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for her, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for the plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The same analysis applies to federal actors under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). *Baranski v. Fifteen Unknown Agents*, 452 F.3d 433, 438 (6th Cir. 2006) (en banc).

    **C.**    **Eighth Amendment Standard**

It is beyond dispute that, as a general proposition, an inmate's rights under the Eighth Amendment are violated when government entities or officials are deliberately indifferent to his medical needs or his safety. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005)(citations omitted). "Mere negligence or malpractice is insufficient to establish an Eighth Amendment violation." *Bowman v. Corr. Corp. of Am.*, 250 F.3d 537, 544 (6th Cir. 2003). "A prison official cannot be found liable...for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "Obduracy or wantonness, not inadvertence or good faith error, characterizes deliberate indifference." *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992).

In the context of prison discipline, a plaintiff must prove an unnecessary and wanton infliction of pain or the infliction of pain without penological justification. *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). Under the objective inquiry in this context, the question is whether "contemporary standards of decency" have been violated. *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated." *Id.* Thus, a prisoner need not prove a significant injury. *Moore v. Holbrook*, 2 F.3d 697, 701 (6th Cir. 1993). Under the subjective component, the inquiry involves "whether

force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986); *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008).

### D. Analysis & Conclusions

Defendant Barrone asserts that this Court lacks personal jurisdiction over her (Dkt. 129 at 5-6), that the complaint does not articulate a claim of constitutional magnitude against her (*id.* at 7-8), and that the case should be dismissed for failure to invoke and exhaust administrative remedies. (*Id.* at 8-9.) Since I suggest that Plaintiff has failed to state a claim against Defendant Barrone, I do not reach the additional arguments.

Plaintiff's complaint alleges the following against Defendant Barrone:

> [She] wasted an enormous amount of money by disallowing me to transfer the great majority of my property. For example: I had some African Pride hair grease which costed [sic] $6.00 and is expensive for a small container of hair grease. I had opened it, and used a dab before I was packed out, and moved. Officer [Barrone] said, because the grease had a finger print on the top layer of the container it would not be permitted to be transferred, because it was used. I could understand her not transferring open food items, but shampoo, grease, or other items that were purchased the day before my departure, and in completely closed containers, seemed discriminatory. In addition, I had seen other inmates who were allowed to transfer these same items. The interpretation of the B.O.P. policy being implemented by the Danbury R&D office is incorrect, and a detriment to the inmates. This staff member also, utilized the policy inappropriately to disparage me. Mrs. [Barrone] purposely manipulated the rules, hazed, ridiculed, threatened, and even had me in tears about my own property. She humiliated me in front of her staff, and other inmates. Lastly, the staff members in the Danbury R&D property office do not seem to realize how costly African-American hair & skin products are, and that products may differ from region to region. They also do not understand the sincere need many inmates have to maintain their personal property, and not have their money wasted, as a result of transfer.

(Dkt. 7 ¶ 95.) This paragraph is referred to under Count XIII, "retaliatory treatment for filing grievances against the institution," and Count XIV, "deliberate indifference towards an inmate."

(Dkt. 7 ¶¶ 121-26.) Defendant Barrone is not mentioned under the retaliatory conduct count wherein Plaintiff complains about being transferred. Therefore, Defendant Barrone is not implicated under this count nor is she even alleged to have had any influence in the decision to effectuate Plaintiff's transfer.

Plaintiff specifically mentions Defendant Barrone under the deliberate indifference count wherein Plaintiff states:

> Defendant's [sic], Director of R & D, Mrs. Jane Doe, and the R & D Officer, Mrs. [Barrone] intentionally disparaged me regarding my property. They blamed me for not packing my own property, and leaving me to sort it. They were very rude, and many items the policy permitted inmates to transfer were disallowed by this institution. This officer, and her superior wasted a great deal of my money refusing items that were transferred, and completely sealed, as being contraband. This was inappropriate, because I had receipts for these items that were all purchased off commissary. One of these items was a set of highlighters for legal work that I purchased in prison, and the items were shipped, but Danbury deemed them to be non-transferrable. Again, no reasonable person representing themselves pro se could complete a major appeals case, and prepare defense for a new trial, while incarcerated without a highlighter. Further, the R&D staff implied a highlighter was a weapon, and this was their rationale for not allowing the items.

(Dkt. 7 ¶ 126.) Plaintiff also mentions Defendant Barrone in her amendment or continuation of her original complaint:

> I was transferred to F.C.I. Danbury and was not allowed to pack out my property. However, the Property officer, Mrs. [Barrone] treated me in a hostile manner. I take this matter very seriously, no inmate should be threatened, made to cry, talked to in a derrogatory [sic] manner, legitimate property discarded, money wasted, forced to re-purchase the same items, or toyed with by the R & D staff, because they are in control of inmates. I observed the R & D officers allowing other inmates to maintain all of their property. However, a different standard appeared to have been applied with regards to inventoring [sic] my property. I watched as the staff forced me to either dispose of legitimate items, or mail them home. Not to mention, the way I was humiliated by Officer, Bagne. Shortly thereafter, I was transferred, again, and forced to re-pack out with the same officer who did not want to permit me to take items she had previously allowed into the institution. I had two green jocking [sic] suits that costed [sic] around $60.00 and they were permitted into the institution, but not allowed to be transferred some weeks later. This officer was so

> cruel, as to even force me to leave an entire jar of $6.75 African Pride grease, because it had a finger print on top of the grease, and could have been used.

(Dkt. 18 ¶ 134.)

In sum, Plaintiff's allegations against Defendant Barrone fall into three categories: (1) use of derogatory, disparaging and humiliating language; (2) preventing Plaintiff from taking certain expensive clothes and hair grease with her when transferred; and (3) preventing Plaintiff from taking her highlighters with her when transferred even though she uses them in preparing legal documents. I will address each in turn.

### 1. Derogatory Language Claim

Although unprofessional and impolite, use of harassing or degrading language does not rise to constitutional dimensions. *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (unpublished). Therefore, I suggest that the motion to dismiss be granted as to this ground.

### 2. Expensive Clothes and Hygiene Products Claim

Although the Eighth Amendment protects prisoners from denial of basic necessities, "the denial of hygiene items such as skin lotion and hair grease does not violate the Eighth Amendment." *Corn v. Knauf*, No. 89-5306, 1989 WL 124316, at *1 (6th Cir. Oct. 20, 1989) (unpublished). *See also Whitington v. Ortiz*, 472 F.3d 804, 808 (10th Cir. 2007) ("A deprivation of hygiene items without any corresponding injury would not state an Eighth Amendment violation"); *Malone v. Byrd*, 274 Fed. App'x 350, 351 (5th Cir. 2008) (Eighth Amendment claim alleging denial of lotion and dandruff shampoo to treat skin condition dismissed as "without arguable merit"); *Marcus v. Epps*, No. 07-60568, 2008 WL 2048331, at *1 (5th Cir. May 14, 2008) ("inability to obtain personal hygiene products and long underwear are insufficient to state a due

process or Eighth Amendment claim"). Plaintiff has not alleged that she suffered any medical harm from lack of hair grease nor has she alleged that she was without adequate clothing. Therefore, she has not suffered any harm even approaching constitutional import.

Furthermore, even if Defendant Barrone's actions violated prison policies regarding items that may be taken with a prisoner upon transfer, a violation of policy does not equate with a deprivation of a constitutional right. *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994) (prison regulations "do not create an independent federal due process liberty interest or right in the prisoner"). Finally, to the extent that Plaintiff asserts she was treated differently from other prisoners, she has not alleged that she was treated differently "based upon an unjustifiable standard such as race, religion, or other arbitrary classification" as opposed to simply being "treated unfairly." *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999). Therefore, I suggest that the motion to dismiss should be granted on this ground as well.

### 3. Highlighter / Right to Access the Courts Claim

Construed most liberally, Plaintiff's claim regarding Defendant Barrone's refusal to allow Plaintiff to take her highlighters, which she uses in preparing legal documents, with her upon transfer implicates an infringement of Plaintiff's right to access the courts.

"'There is no generalized right to litigate' which is protected by the First Amendment." *Thomas v. Rochell*, 47 Fed. App'x 315, 317 (6th Cir. 2002). Nevertheless, the right of access to the courts applies to cases which attack an inmate's conviction and sentence or cases which challenge conditions of confinement, such as the instant case. *Lewis v. Casey*, 518 U.S. 343, 349-51, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). In *Lewis*, the Supreme Court held that inmates claiming a denial of the right of access to the courts must show "actual injury" in order to have standing to bring suit. *Id.* at 349. Actual injury or prejudice can only be suffered where an inmate

has a meritorious claim to bring. Therefore, "only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (citing *Lewis, supra*). If a plaintiff lacks standing, "he is barred from bringing suit and the federal court is without jurisdiction to hear the claim." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Here, even according to Plaintiff's allegations, she was prevented from taking previously purchased highlighters with her upon transfer, but was not precluded from purchasing highlighters once transferred. Since Plaintiff was allowed to purchase highlighters, I suggest she was not even deprived in a *de minimis* manner, let alone one of constitutional magnitude. Even if she had been completely precluded from purchasing highlighters, I suggest that such action would not rise to the level of a constitutional deprivation. "[R]esources, such as pens, pencils, notarial services, and photocopying services, are not central to the right of access to the courts, such that a deprivation of these resources requires a specific instance in which the plaintiff was actually denied access to the courts." *Moore v. Burt*, No. 06-CV-10541-DT, 2006 WL 3298325, at *4 (E.D. Mich. Nov. 13, 2006). *See also Friedman v. Kennard*, 248 Fed. App'x 918, 922 (10th Cir. 2007) (prison's choice to supply only "golf pencils" did not deny access to court where pencils were "obviously sufficient to prepare this 44 page pleading"). *Cf. Phillips v. Hust*, 477 F.3d 1070, 1084 (9th Cir. 2007) (noting that where local court rule required filings to be written in black ink, denial of pens could impair right to access).

Plaintiff has not alleged that she was unable to create or file any legal documents as a result of the alleged deprivation. I note that she been able to successfully file voluminous pleadings and other documents in the instant case. Therefore, I suggest that even if she had been deprived of

highlighters, she has not shown any "actual injury" as required to state a claim for denial of the right to access the courts.

Accordingly, I suggest the motion to dismiss should be granted on this ground as well.

**E.	Conclusion**

For all the reasons stated above, I recommend that Defendant Barrone's motion to dismiss be granted and that she be dismissed from this case. I further suggest that Plaintiff's motion "requesting to hold the response to the defendant, Sheryl Barrone's, motion to dismiss, and any related decisions to this defendant in this civil case in abeyance . . ." be denied as moot.

**III.	REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

    s/ Charles E Binder
    CHARLES E. BINDER
Dated: September 11, 2008    United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Peter A. Caplan, Laurie J. Michelson, and James M. Surowiec, and on Leslie Washington by first class mail, and served on U.S. District Judge Lawson in the traditional manner.

Date: September 11, 2008            By      s/Patricia T. Morris
                                    Law Clerk to Magistrate Judge Binder