UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE WASHINGTON,

        Plaintiff,

v.

        Case Number 04-10352
        Honorable David M. Lawson
        Magistrate Judge Charles E. Binder

SERGEANT JOHNSON, MRS. CHUBBS,
MRS. COLEMAN, MRS. JOHNSON,
MRS. KINDRO, and MRS. MEARS,

        Defendants.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING CASE

On December 17, 2008, Magistrate Judge Charles E. Binder filed a report pursuant to 28 U.S.C. § 636(b) recommending that this Court grant the motion to dismiss or for summary judgment brought by the defendants Mrs. Johnson, Sergeant Johnson, Mrs. Chubbs, Mrs. Coleman, Mrs. Kindro, and Mrs. Mears. No objections were filed within the time permitted, and the Court agreed with the magistrate judge's conclusions. The report was adopted, and the case was dismissed on January 9, 2009.

On January 12, 2009, the plaintiff filed a motion to enlarge the time for filing objections. The Court granted that motion, vacated the judgment, and reopened the case.

The plaintiff, Leslie Washington, is a *pro se* federal prisoner who brought this section 1983 claim against multiple defendants, many of whom were employed by the Wayne County Jail in which she was confined. She alleges that the treatment she received at the jail constituted improper lock down, failure to protect, mail tampering, and either deliberate indifference or inhumane conditions, all in violation of the Eighth Amendment's prohibition of cruel and unusual punishment.

The court has granted several motions to dismiss, which have resulted in the dismissal of all but the six remaining defendants.

The remaining Wayne County Jail defendants filed a motion to dismiss or for summary judgment alleging that the plaintiff failed to exhaust administrative remedies as required by the Prisoner Litigation Reform Act, and, alternatively, that the complaint fails to state a claim upon which relief can be granted. Magistrate Judge Binder concluded that the motion should be granted and the case be dismissed in its entirety with prejudice, both because the plaintiff failed to seek redress through the administrative remedies available to her and because all claim, save one, do not rise to the level of constitutional violations.

The magistrate judge set forth the facts of the case in his report, and they need not be repeated here. He concluded that the plaintiff offered no evidence that she exhausted her claims within the system provided by the Wayne County Jail. He explained that in order to initiate a complaint or grievance in the Wayne County Jail, an inmate must request and fill out a "Wayne County Jail Inmate Grievance Form." Defs.' Mot to Dismiss [dkt. #136] Ex. D, Heard aff.¶ e. The magistrate judge noted that the plaintiff is familiar with the grievance process, as she previously had filed numerous grievances, but the record in the case reveals no grievances corresponding to the plaintiff's allegations. The magistrate judge found that there was no record evidence that the plaintiff even attempted to file grievances concerning any of the incidents said to support her allegations against the defendants.

In rejecting the argument that the plaintiff's two Recipient Rights Complaints serve as sufficient substitutes for the formal grievance process, the magistrate judge discussed the separate nature of the Recipient Rights Complaints and the Wayne County Jail Inmate Grievance Forms. The

Recipient Rights Complaints are processed by the Wayne County's Community Mental Health Department, not the Wayne County Jail, and would not provide notice to the Wayne County Sheriff's Grievance Administrator. The magistrate judge focused on those differences in concluding that the Recipient Rights Complaints for two of the plaintiff's allegations could not substitute for proper exhaustion.

Finally, the magistrate judge cited several Sixth Circuit decisions that hold that a prisoner cannot satisfy the exhaustion requirement through informal means such as writing letters and making phone calls, as the plaintiff claims to have done; rather, the prisoner must use the formal grievance process provided by the institution. *See Shephard v. Wilkinson*, 27 F. App'x 526, 527 (6th Cir. 2001) ("While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); *Jewell v. Leroux*, 20 F. App'x 375, 377 (6th Cir. 2001) ("While he also raised informal complaints in several letters to prison authorities, he must follow the formal grievance process to properly exhaust his administrative remedies."); *Clark v. Beebe*, No. 98-1430, 1999 WL 993979, at *2 (6th Cir. Oct. 21, 1999) (district court erred in holding that prisoner had substantially complied with exhaustion requirement by writing a letter to the U.S. Attorney that eventually made its way to the warden). Those cases indicate that the plaintiff's extra efforts through phone calls and letters do not satisfy the exhaustion requirement.

In her belated objections, the plaintiff maintains that she did, in fact, exhaust her administrative remedies. Using the magistrate judge's explanation of the Wayne County Jail's exhaustion procedure, which only requires the prisoner to request a grievance form, fill it out, and

-3-

submit it, she claims to have followed the procedure for all of her allegations. She explains that she has no record of her grievances because the jail does not provide carbon copies or receipts and does not require an inmate to maintain a copy, but that fact is not fatal to her claim, she says, because the jail's administrative procedure does not require her to produce a record of her grievances. Because the jail system dictates what procedures need to be followed, not the Prisoner Litigation Reform Act, she argues that she followed the necessary, minimal administrative requirements and the defendants' motion for summary judgment should be denied.

The plaintiff argues that she watched as defendants Kindro and Johnson set her mailed grievances aside, and, as further evidence of the existence of her grievances, the plaintiff points to exhibit G #15 of her response to the defendants' motion for summary judgment, in which a medical professional wrote, "patient wrote a grievance," on a psychiatric progress record on April 18, 2002 without any further formal record of the grievance. The record provides support, the plaintiff implies, for her argument that she did, indeed, file grievances for her allegations, satisfying the exhaustion requirement, but, through no fault of her own and because the defendants discarded her grievances, a record of the grievances does not exist.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

The Prison Litigation Reform Act's (PLRA) exhaustion requirement, 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."), is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). "Exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion" means "compliance with an agency's deadlines and other critical procedural rules . . . ." *Id.* at 90.

However, the Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). This affirmative defense may serve as a basis for dismissal only if raised and proven by the defendants. *Ibid.*

Since the Supreme Court decided *Jones v. Bock*, the Sixth Circuit has stated that courts ought not impose severe technical requirements on prisoners who comply with the spirit and purpose of the administrative exhaustion rules. "[I]t is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir.2006) (internal quotation marks and citation omitted).

The determination of whether proper exhaustion has taken place is a question for the court to decide. *Drippe v. Tobelinski*, 604 F.3d 778, 782 (3d Cir. 2010) (stating that "we agree with the *Pavey* court that exhaustion of administrative remedies under the PLRA is a question of law to be determined by the judge"); *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008) (reasoning that

-5-

"juries do not decide what forum a dispute is to be resolved in. Juries decide cases, not issues of judicial traffic control. Until the issue of exhaustion is resolved, the court cannot know whether it is to decide the case or the prison authorities are to"); *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) (holding that a failure to exhaust remedies is a "matter in abatement," properly raised not by a motion for summary judgment but by a motion under Fed. R. Civ. P. 12(b) and that the judge must decide exhaustion even if that requires him to make findings of fact).

The defendants raised the exhaustion issue in their motion for summary judgment. The motion is properly supported with an affidavit from Wayne County's director of jails, who explained the grievance procedure. In addition, the defendants produced, listed, and indexed all the grievances the plaintiff actually did file. The defendants do not contend that the plaintiff filed no grievances during her stay at the Wayne County Jail. They simply say that the filed grievances do not address any of the claims that remain in the amended complaint against the present defendants. As the magistrate judge observed, they are correct.

The plaintiff's response — that she did file grievances — talks past the issue. She argues in her objections that she in fact filed grievances, and she even points to a jail medical record that acknowledges that a grievance was filed. However, the plaintiff also admits that she has no record of the grievances, and she is unable to establish that the contents of the grievances correspond to the allegations she seeks to pursue in her amended complaint.

Because of the absence of actual evidence that grievances were submitted that actually mentioned the mistreatment allegations the plaintiff raised in her court papers, the Court is left with nothing but the plaintiff's unsubstantiated and unverified arguments. "Rule 56(e)(2) leaves no doubt about the obligation of a summary judgment opponent to make her case with a showing of facts that

can be established by evidence that will be admissible at trial. In fact, '[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.' Rule 56(e) identifies affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support or oppose summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)) (internal citations omitted). In responding to a motion for summary judgment, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993).

The plaintiff presents arguments that may tend to show that she did, in fact, exhaust her remedies; but she cannot avoid the fact that no factual item in the record supports her assertions. The Court concludes, therefore, that the plaintiff failed to exhaust her remedies under the PLRA, and she may not proceed with her complaint against the remaining defendants.

It is worth noting that this conclusion fulfills the PLRA's purpose. The Act is designed to eliminate unwarranted court interference with the administration of prisons and seeks to afford corrections officials time and opportunity to address complaints internally. *Woodford*, 548 U.S. at 93. It "allow[s] a prison to address complaints about the program it administers before being subjected to suit." *Jones*, 549 U.S. at 219. Here, there is no indication that the Wayne County Jail had any opportunity to address the complaints internally because there is nothing in the record that shows that the plaintiff's grievances were filed with jail personnel.

Accordingly, it is **ORDERED** that the plaintiff's objections to the magistrate judge's report and recommendation [dkt #157] are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation [dkt # 149] is **ADOPTED**.

It is further **ORDERED** that the motion to dismiss or for summary judgment brought by the remaining defendants [dkt # 136] is **GRANTED** and the plaintiff's complaint and amended complaint is **DISMISSED without prejudice** as to defendants Sergeant Johnson, Mrs. Chubbs, Mrs. Coleman, Mrs. Johnson, Mrs. Kindro, and Mrs. Mears,

It is further **ORDERED** that the plaintiff's motion to compel a settlement conference [dkt. #168] is **DENIED as moot**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 4, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 4, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL